## CONTINENTAL JEWELRY CO. *v.* MAY.

(Division B. March 28, 1932.)

[140 So. 525. No. 29914.]

O. B. Triplett, Jr., of Forest, for appellant.

R. H. Day and J. V. Carr, both of Decatur, for appellee.

Griffith, J., delivered the opinion of the court.

Appellee gave a written order to appellant purporting to be for the purchase of an assortment of jewelry. When the jewelry, which appellant asserted to be that which conformed to the order, was shipped, appellee upon examination of the shipment refused to accept delivery, on the ground that the articles did not correspond to

the samples which were exhibited at the time of the signing of the order. Appellant thereupon sued appellee on the written contract, that is to say, on the aforesaid written order, and the trial resulted in a judgment for the defendant therein.

Appellee, the defendant in the trial court, raised the point that the alleged order was not a contract, but was in effect only an order blank. To disclose the facts upon which the point is made, we will set forth some of the several items of the order. The only descriptions of the goods ordered are, for instance, as follows:

Brooeches ⅓ Doz. Fancy Assorted
  Per Doz. ......................$ 3.60 Am't $1.20
Bracelets ¼ Doz. Fancy Selected
  Per Doz. ......................$13.20 Am't $3.30
Bar Pins ¼ Doz. Assorted
  Per Doz. ......................$ 1.80 Am't $ .45
Emblems ⅒ Doz. Charms
  Per Doz. ......................$24.00 Am't $2.00
Men's Chains ¼ Doz. Assorted
  Per Doz. ......................$ 7.20 Am't $1.80

There are about twenty-five different classes of jewelry, but, so far as the particular descriptions were concerned, the five above mentioned are illustrative of the entire order. No catalogue numbers are given, nor were other descriptive references made. It at once appears, therefore, that the written order does not show either on its face or by means of any descriptive reference whether, for instance, the articles were to be of gold or of silver, or whether solid or plated. In fact, only the quantity and price are given, and the description of the articles, save that they are to be brooches, bracelets, bar pins, emblems, men's chains, etc., is entirely wanting.

In a suit upon a written contract for the sale of goods, it is essential that the goods or articles, which are the subject-matter of the sale, shall be described or designated in the contract with such certainty or definiteness

as will enable them to be properly identified. At least, the description must be such as that, by the aid of extrinsic evidence, the identity of the property is capable of being rendered reasonably definite and certain. 55 C. J. 194. But the rule of extrinsic evidence cannot be made to apply to the purported contract here, for so to attempt would be to supply essential elements in the description rather than merely to clarify or explain a description, or a reference for description. In other words, when there is substantially no description, parol evidence is not admissible to make a description; or, as it has been expressed, parol evidence cannot be admitted first to describe the subject-matter of the contract and then apply the description. 22 C. J., pp. 1271, 1272.

Affirmed.